HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHELLE GILBERT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,<br><br>　　　　　Defendants. | CASE NO. C14-5172 RBL<br><br>ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS |

THIS MATTER is before the Court on pro se Plaintiff Michelle Gilbert's Motion for Leave to Proceed *in forma pauperis* [Dkt. #1]  Gilbert has also filed five other Motions, which are premature unless and until her complaint is filed.

Gilbert's proposed complaint—like both or her proposed complaints in her prior case [No. 14-cv-5115RBL] seeking similar relief, from a slightly different set of Defendants— appears to claim that governmental agencies provided to her Defendant parents (David and Wanda Lee) information and records about her now-adult (but apparently disabled) son.   She claims they did so for fraudulent purposes.  In the prior case she made similar (and similarly

cryptic) allegations, and appeared to seek to gain control over her son's Social Security payments.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Gilbert's proposed claims in this case are frivolous, or are at least without any discernible merit, as a matter of law. She has not identified any DSHS employee who did anything, at any time, that violated any of her alleged rights. Her claims against the Lees are similar to the ones she asserted before, but in that case she explained and documented that her claims arose from a custody dispute that was resolved against her in state court in 2002. Her new claims appear to again arise from that action. This court cannot and will not review the actions of a state court in these circumstances, and the claims are facially time-barred in any event.

The Motion to Proceed in forma pauperis on the proposed complaint is DENIED. Plaintiff shall file a proposed Amended complaint—addressing, not ignoring, the defects described here and in the Court's Orders in the prior case—within 15 days, or pay the filing fee.

1  If she does not, the case will be dismissed without further notice.  All of Plaintiff's remaining

2  Motions are DENIED as premature.

3       IT IS SO ORDERED.

4       Dated this 19th day of March, 2014.

                        RONALD B. LEIGHTON
                        UNITED STATES DISTRICT JUDGE